## DURKEE vs. FELTON, imp.

*February 7 — March 14, 1882.*

EJECTMENT. *(1) Proof of ouster by tenant in common. (2) Amendment of pleading at trial. Withdrawal of admission. (3) Record evidence construed.*

1. In ejectment, proof that defendant claimed to have a deed of the premises, and assumed a right to lease them and to collect the rents and retain them to his own use, at least *tends* to show an *ouster* of the plaintiff.

2. Plaintiff sued to recover an *undivided* third part of certain premises, by right of dower. The answer alleged that parcels *x* and *y* of the premises had been *set off* to plaintiff as her dower. After the evidence was closed, defendant was permitted to amend so as to allege that only parcel *x* had been set off as dower, and parcel *y* as homestead (plaintiff's homestead right being lost by remarriage); and plaintiff was also allowed to amend her complaint so as to claim a life estate in the whole of parcels *x* and *y*, instead of in an undivided third of the whole premises. *Held*, that there was no error in allowing the amendment to the answer, and that, after such amendment, defendant was not bound by the admission in the original answer.

3. A certain report of commissioners appointed to admeasure plaintiff's dower, etc. (which was confirmed by the court), construed as an assignment of parcel *x* as dower, and of parcel *y* as homestead.

APPEAL from the Circuit Court for *Fond du Lac* County. In May, 1866, J. J. Lefevre died seized of a large part of block 3 in the village of Rosendale, Fond du Lac county, in this state; and he left surviving him his widow (who in 1872 married one Edward Durkee, and appears as plaintiff in this action under the name of *Hattie A. Durkee*), and two children, William Lefevre and a daughter, who appears as defendant in this action under the name of *Cora D. Felton*. In September, 1866, the widow filed her petition in the probate court of said county, stating that, at the time of his death, said J. J. Lefevre was seized of an estate in fee simple in the S. E. ¼ of the S. W. ¼ of sec. 9 in the town of Springvale in Fond du Lac county; and asking to have her dower in said estate assigned. It appears that commissioners were thereupon appointed by said probate court for the purpose of assigning such dower; and they reported as follows: "We, the commissioners appointed, etc., for the purpose of partitioning and admeasuring and setting apart by metes and bounds the dower of Hattie A. Lefevre, the widow of the said J. J. Lefevre, deceased, do hereby make our report and returns to the said county court, containing a description of our said doings, to wit: one-third of the north side of the S. E. ¼ of the S. W. ¼ of sec. 9, town 15 north, of range 15 east, and described by stakes set on the east and west lines of said forty, said stakes setting 26 rods and 11 feet from the northwest corner and the northeast corner of said forty; also the homestead and home in the village of Rosendale in said county, in block 3, lots 20 and 21, and described as follows: commencing at the southeast corner of lot 20, 5 rods and 8 feet north, thence 7 rods and 6½ feet west, thence south 5 rods and 8 feet, thence east 7 rods and 6½ feet, to the place of beginning, making about one-quarter of an acre; also one-third of the orchard, described as follows: commencing at a point 7 rods and 6½ feet west of the southeast corner of the said lot 20, running thence west 48 feet and 8 inches, thence north 5 rods and 8

feet, thence east 48 feet and 8 inches, thence south 5 rods and 8 feet, to the place of beginning; also a piece of land in said block, on the east side of lots 22 and 25, commencing at the west line of lot 21 in said block, 5 rods and 8 feet from the south line of said lot, running thence north to the north line of said lot 25, thence west 3 rods, 9 feet and 11 inches, thence south 10 rods and 4 feet, thence east 3 rods, 9 feet and 11 inches, to the place of beginning, containing about thirty-eight rods and two feet." This report appears to have been confirmed by the probate court.

The parcel of land described in the foregoing report as "the homestead," being a tract in the southeast corner of said block 3, 7 rods 6½ feet in length (from east to west) by 5 rods and 8 feet in breadth, will be herein designated as parcel A. The parcel described as "one-third of the orchard," and which immediately adjoins parcel A on the west, will be herein designated as parcel B. The last parcel of land described in the report as "on the east side of lots 22 and 25," will be herein designated as parcel C. Its south boundary is in large part identical with the north boundary of parcel B, but runs farther to the west.

The action was commenced February 19, 1877, against *Cora D. Felton* and two other persons. The complaint alleged that at the time of his death J. J. Lefevre was seized in fee simple of lands in the village of Rosendale, described as follows: "Commencing at the southeast corner of block 3 of said village plat, running thence north 5½ rods, thence west 8 rods, thence north 10½ rods, thence west 8 rods, thence south 16 rods, thence east 16 rods, to the place of beginning; also a strip three rods in width off the north side of lots 26 and 27 in said block 3." Besides the three-rod strip last mentioned, the tract here described includes the whole of parcels A, B and C above described, and also all of said block 3 lying west of parcels B and C, which contains apparently nearly one-half of an acre. The complaint further alleged that plaintiff was enti-

.tled to a life estate " in one undivided third part of said lands and premises, as her reasonable dower," and to the immediate possession therof; and that the defendant was in possession of the said premises and unlawfully withheld the same from plaintiff, to her damage $200; and judgment was demanded in accordance with these averments.

As a separate cause of action, the complaint alleged that the plaintiff was seized of an estate for life in parcels A, B and C above described; that she was entitled to the immediate possession of said lands, " the same being her legal, just and reasonable dower in ·the lands described in the first cause of action herein;" and that the defendants were in possession of said lands and unlawfully withheld the same from plaintiff, to her damage $200; and judgment was demanded in accordance with these averments.

The answer of *Cora D. Felton* to the first cause of action, after averments to show that William Lefevre was a necessary party defendant thereto, alleged, in substance, that parcels A, B and C above described had been duly assigned to the plaintiff in November, 1866, by the proper county court, as her dower in the premises described in said first cause of action; that such assignment had been recorded in the office of the register of deeds of the proper county, and had never been reversed on appeal; and that said defendant had never been in possession of any part of said dower premises, nor had she withheld possession of any part thereof from the plaintiff. For a further answer, by way of counterclaim, it was alleged that the defendant, in order to protect her interests as owner in fee simple in reversion of one undivided half of the lands described in plaintiff's first cause of action, had been compelled to pay $100 of taxes on the one-third part of said land which plaintiff claimed was her dower interest, plaintiff having neglected to pay such taxes. It is also alleged that plaintiff, as widow of J. J. Lefevre, was entitled upon his death to a life interest in the whole of parcel A above described, which

Durkee vs. Felton, imp.

was the homestead of said Lefevre until his death; that plaintiff possessed the same as her homestead from said Lefevre's death until about February 1, 1872, but neglected to pay any of the taxes assessed thereon; and that, in order to protect her reversionary interest in said parcel A, said defendant had been obliged to pay taxes to the amount of $100.

In answer to the second cause of action stated in the complaint, said defendant, after averments showing that William Lefevre was a necessary party defendant thereto, denied that she was in possession of the premises at the commencement of the action, or had withheld possession of any part thereof from the plaintiff. As to parcel A above described, she alleged that plaintiff had not had any title thereto or right of possession thereof since February, 1872, by reason of her marriage in or about the month of January of that year to Edward Durkee. The answer further set up a counterclaim for taxes paid by defendant upon plaintiff's dower interest in the land described in the second cause of action, and also a claim for permanent and valuable improvements put upon said land by said defendant in good faith.

In April, 1880, the answer was amended so as to allege that *Cora D. Felton* was a married woman, the wife of Albert N. Felton, and to deny generally all the allegations of both causes of action stated in the complaint. The complaint was then amended by making Albert N. Fenton and William B. Lefevre defendants, and charging all the defendants with a joint unlawful possession, etc. It does not appear that the new defendants filed any answer.

On the trial of the cause in November, 1881, the plaintiff, being required on motion to elect under which count of the complaint she would proceed, elected to proceed under the first. After the plaintiff had introduced her evidence, the defendant *Mrs. Felton* moved for a nonsuit on the ground that no ouster of the plaintiff had been shown; but the motion was denied. Said defendant was then permitted, against plaintiff's objection, to amend her answer to the first cause of

action so as to make it allege, in substance, 1. That by the proceedings in the probate court in 1866, parcels B and C above described were assigned as plaintiff's dower in all of the premises mentioned in the first count of the complaint, except parcel A. 2. That parcel A was the homestead of J. J. Lefevre at the time of his death, and that plaintiff was married in 1872, to Durkee.

Said defendant then put in evidence the records relied upon as showing an assignment of dower, etc., to the plaintiff in 1866. Plaintiff objected to the evidence upon the ground that there was "an express admission that this dower had been regularly set apart, and it was not competent now to controvert that admission by introducing this proof." The objection was overruled. Said defendant then offered in evidence the record of a sheriff's deed, dated November 10, 1873, conveying to one L. E. Reed nearly the whole of the land described in the first count of the complaint, except parcel A (the homestead); and also the record of a warranty deed of the same premises from said Reed to *Mrs. Felton*, dated November 19, 1873. Said sheriff's deed was based upon the foreclosure of a tax certificate; and, upon plaintiff's objection that she was not a party to such foreclosure, the evidence was rejected. Various tax certificates and receipts were then put in evidence. The plaintiff was then permitted, against defendant's objection, to amend her complaint so as to allege that she was seized of an estate for life in, and was entitled to the immediate possession of, the whole of parcels A, B and C, above described, "the same being her legal, just and reasonable dower" in the lands of J. J. Lefevre, deceased, previously described in the complaint, and that the same had been duly admeasured and set apart to her as dower. The amended complaint also increased the demand for damages to $600. *Mrs. Felton* then asked leave to amend her answer by substituting for it the answer to the second cause of action originally set forth in the complaint; but the motion was denied.

The court instructed the jury that it appeared from the evi-

dence that at the commencement of the action the plaintiff had
an estate for life in the premises described in the last amended
complaint [i. e., in parcels A, B and C], and that she was en-
titled to the possession thereof at that time, and still continued
to be so entitled; that if they should find that *Mrs. Felton*, at
the commencement of the action, unlawfully withheld posses-
sion of such premises from the plaintiff, then plaintiff was
entitled to recover of said defendant the value of the use and
occupation of said premises during such time as possession
thereof was so withheld, not exceeding six years immediately
preceding the commencement of the action, and down to the
time of the trial; less any sum paid by said defendant as taxes
on said premises. A verdict was rendered for the plaintiff in
accordance with these instructions; a new trial was refused;
and the defendant *Mrs. Felton* appealed from the judgment.

For the appellant there was a brief by *C. L. Frederick*, her
attorney, with *T. W. Spence*, of counsel, and oral argument
by *Mr. Spence*.

*Geo. E. Sutherland*, for the respondent.

Cole, C. J. There certainly was no error in the ruling of
the court below refusing to nonsuit because there was no suf-
ficient proof of ouster or of a denial of the plaintiff's rights in
the premises. The defendant claimed to have a deed of the
property; she assumed the right to lease it, and to collect and
retain the rents to her own use. These acts surely amounted
to a complete denial of the plaintiff's rights in the property,
or, at least, were acts from which a jury might infer an intent
on the defendant's part to exclude the plaintiff from all enjoy-
ment of the premises. The record in this case is quite con-
fusing, and there are many typographical errors in the printed
case, which are misleading. If we fall into any mistake as to
what was done on the trial, the blame should be that of coun-
sel for presenting a case in this manner, rather than rest
with us.

As we understand the case, the plaintiff was compelled on

the trial to elect, and did elect, to proceed for the interest stated in the first cause of action in the complaint. That was for an undivided third part of the premises described. The answer of the defendant was to both causes of action. To establish her right to recover, the plaintiff sought to avail herself of the admissions in the answer that there had been an admeasurement of the dower by commissioners appointed by the county court sitting in probate, and that the premises had been set off to the plaintiff as and for dower. As a matter of course, this was a different interest from that originally claimed in the complaint. While the motion for a nonsuit was pending, the defendant asked and had leave to so amend her answer as to make it read, "By such admeasurement of dower and homestead right, there was set off to the plaintiff, as her full dower and homestead right in said premises, all the premises described as follows," etc. When the report of the commissioners was offered in evidence by the defendant, the plaintiff objected to the same because it was incompetent and inadmissible under the pleadings, there being an express admission in the answer that the premises had been regularly set apart to the plaintiff as dower, and that this admission could not be countervailed by proof. But finally the plaintiff amended her complaint, and had a verdict for the premises as specifically described in the defendant's original answer.

Now it is insisted that the defendant was bound by the admissions in her original answer to the effect that the plaintiff was entitled to the entire premises as dower which had been assigned to her by the commissioners appointed for that purpose. But the court did allow the answer to be amended in respect to the premises which were assigned as dower. It seems to us a very plain proposition that it was entirely competent for the court to allow that amendment. There is no more reason for holding that the defendant was immutably bound by the admissions in her answer as to what was assigned as dower, than there is for saying that the plaintiff could only recover that precise interest in the premises which she sued

for. But in fact she was permitted to amend her complaint so as to recover an entirely different interest. Why should the amendment to the pleading be allowed in the one case and refused in the other? It is said the defendant claimed the bald, naked right to amend her answer on the trial, after the close of the plaintiff's case, by denying a material fact which had stood admitted in the answer for nearly five years. But did not the plaintiff claim and exercise the same right at the close of the case? Where is the consistency in saying that the amendment to the answer came too late, and still insisting that the plaintiff's amendment of her complaint was right and proper under the circumstances? Astute counsel may see reasons for a distinction in the cases, but to our minds they seem to stand on the same grounds. We therefore hold that the court properly allowed the answer to be amended in respect to the dower interest.

The next inquiry is as to what effect should be given the report of the commissioners which was offered in evidence, and the order of the probate court approving the same. Does that report assign all the premises therein described as dower proper, or does it merely assign dower in a part and a homestead right in the residue? We have no doubt but the latter is the correct construction to be given the report. At the time these proceedings were taken, the plaintiff, as widow, was entitled to 'the homestead of which her husband died seized. She made application to the probate court that her dower be assigned to her. The guardian of the minor children filed a written consent that commissioners be appointed to set off her dower, and also to "set off the homestead and house to said widow." Doubtless the commissioners acted on this consent of the guardian, and intended to make their report conform to it. They proceeded and set aside by metes and bounds certain tracts of land as her dower. They also set aside another tract which was particularly described as a homestead. What was intended to be assigned as dower proper, and what as a home-

stead right, might have been more fully set forth; but there is no difficulty in getting at the real meaning of the report. The tract which is described as being the homestead, "making about a quarter of an acre," was to remain a homestead,— should be treated as such,—which was to be enjoyed by the plaintiff so long as she remained a widow. And it would be doing violence to the language of the report, when read in the light of surrounding circumstances, as well as a perversion of the facts of the case, to hold that the homestead was set off to the plaintiff as dower, or that the dower assigned includes such homestead. Upon this point we fully agree with the defendant's counsel that nothing of the kind was attempted by the commissioners, and that the true construction of their report is that certain tracts are set aside as dower proper, and then the homestead proper is described for the purpose of fixing its limits. This is our understanding of the report of the commissioners. This view works a reversal of the judgment; for it appears that the plaintiff has married again. Of course she has lost her homestead rights. She is now only entitled to her dower in what was the homestead property. The judgment gives her possession of that entire property for her natural life, as being a part of her just and reasonable dower in the lands of which her first husband died seized. The learned circuit court ruled that, as it appeared from the evidence that the plaintiff had a life estate in this homestead property, as well as in the other premises described in the last amended complaint, she was entitled to recover that interest in this action. That ruling was doubtless founded upon the report of the commissioners to which we have referred. But as we deem that construction erroneous, there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

TAYLOR, J., took no part.